

FILED
09 NOV 13 PM 3:36
CLERK, U.S.
BANKRUPTCY COURT
TOLEDO, OHIO

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: | ) | **JUDGE RICHARD L. SPEER** |
| Dennis E. Cole | ) | Case No. 08-3371 |
| Debtor(s) | ) | (Related Case: 08-34573) |
| Brad Allen Double | ) | |
| Plaintiff(s) | ) | |
| v. | ) | |
| Dennis E. Cole | ) | |
| Defendant(s) | ) | |

## DECISION AND ORDER

This cause comes before the Court on the Motion for Summary Judgment filed by the Plaintiff, Brad Allen Double. The Plaintiff's Motion is brought in support of his Complaint to Determine the Dischargeability of a particular debt owed to him by the Defendant/Debtor, Dennis E. Cole. Regarding their respective positions on the matter, both of the Parties filed supporting written arguments and documentation. The Court has now had the opportunity to review the evidence and arguments submitted by the Parties, as well as the entire record in this case. Based upon this review, the Court finds, for the reasons set forth in this Decision, that the Plaintiff's Motion for Summary Judgment should be Denied.

Brad Allen Double v. Dennis E. Cole
Case No. 08-3371

## FACTS

The Plaintiff, Brad Allen Double (hereinafter the Plaintiff), is a doctor of chiropractic medicine. In this professional capacity, the Plaintiff operated a medical office. For a period of time, the Plaintiff employed in his medical practice, as an office manager, a one Jacquelyn Cole (hereinafter Ms. Cole).

Ms. Cole is the former wife of the Defendant/Debtor, Dennis Cole. While employed with the Plaintiff, Ms. Cole is alleged to have stolen from the Plaintiff's medical practice a sum in excess of $212,000.00. The facts presented to the Court in this regard show that on account of the purported theft, criminal charges were brought against Ms. Cole, eventually resulting in a plea agreement whereby Ms. Cole was sentenced to a period of incarceration of approximately five years and ordered to pay restitution to the Plaintiff. (Doc. No. 20, at pg. 2).

In addition to the criminal action, the Plaintiff personally brought an action against Ms. Cole and the Debtor. The civil action was commenced in 2003, and set forth multiple causes of action including that for embezzlement, fraud and intentional infliction of emotional distress. In this action, the Plaintiff sought damages of $212,903.60, plus punitive damages, court costs and attorney fees.

During this litigation, the Debtor, following some initial procedural matters, including the entry but later vacation of a default judgment, filed an answer, denying the allegations made by the Plaintiff. (Doc. No. 48, Ex. B.). Before the case proceeded to trial, however, the Parties executed a document entitled "Settlement Agreement and Release."(hereinafter the "Agreement) (Doc. No. 1, Ex. A). The substance of this Agreement provided that (1) the Plaintiff would dismiss his civil action, (2) the Plaintiff would not make a statement at the criminal sentencing of Ms. Cole and (3) the Plaintiff would reduce his claim against Ms. Cole and the Debtor to the amount of $70,000.00. In return, Ms. Cole and the Debtor agreed to immediately pay the Plaintiff the sum of $10,000.00,

Page 2

to be counted toward the $70,000.00 owed, and to thereafter pay the Plaintiff the remaining $60,000.00 under a repayment plan.

Besides repayment, Ms. Cole and the Debtor also agreed to these additional terms. First, in paragraph 10(f) of the Agreement it was set forth:

> CONFESSED NONDISCHARGEABILITY. The Parties agree that this Agreement, its underlying debt and the Coles' obligations hereunder, are nondischargeable for the following reasons:
>
> i. Pursuant to Bankruptcy Code § 523(a)(2);
>
> ii. Pursuant to Bankruptcy Code § 523(a)(4); and
>
> iii. Pursuant to Bankruptcy Code § 523(a)(6).

The Agreement also provided conditions of default, which included the commencement of a bankruptcy case and the failure to pay according to the terms of the repayment plan. In the event of default, both Ms. Cole and the Debtor agreed that the full amount of the original claim would become due and owing. A cognovit promissory note was also signed by Ms. Cole and the Debtor in favor of the Plaintiff for the sum of $60,000.00, enforceable if any of the conditions of default arose.

Subsequent to the execution of the Parties' Agreement, the Plaintiff, as promised, dismissed his civil action against Ms. Cole and the Debtor. At some point, however, Ms. Cole and the Debtor defaulted on their obligations to make payments to the Plaintiff, with a judgment thereafter being entered on the cognovit note for $60,000.00, plus interest. (Doc. No. 1, Ex. B.) Also, during this period of time, Ms. Cole and the Debtor terminated their marriage.

On August 27, 2008, the Debtor filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. The Plaintiff, thereafter, filed this adversary proceeding, seeking

Brad Allen Double v. Dennis E. Cole
Case No. 08-3371

in his complaint a determination of nondischargeability against the Debtor. As a part of this determination, the Plaintiff also seeks the entry of a monetary judgment in his favor. As the statutory basis for this requested relief, the Plaintiff cited to Bankruptcy Code §§ 523(a)(2)/(4)/(6).

## DISCUSSION

In this proceeding, the Plaintiff seeks a determination that the claim he holds against the Debtor is a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(2)/(4)/(6). This type of proceeding, brought to determine the dischargeability of a particular, is deemed to be a "core proceeding' under 28 U.S.C. § 157(b)(2)(I). Accordingly, as a "core proceeding," this Court has the jurisdictional authority to enter final orders and judgments in this matter. 28 U.S.C. § 157(b)(1).

Procedurally, the matter of dischargeability is brought before the Court on the Plaintiff's Motion for Summary Judgment. The standard for summary judgment is set forth in Federal Rule of Civil Procedure 56(c), which is made applicable to this proceeding by Bankruptcy Rule 7056. It provides for in part: A party will prevail on a motion for summary judgment when "[t]he pleadings, depositions, answers to interrogatories, and admission on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2252, 91 L.Ed.2d 265 (1986). With respect to this standard, the moving party must demonstrate all the elements of the cause of action. *R.E. Cruise Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir. 1975). In making this determination, the Court is directed to view all the facts in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586-588, 106 S.Ct. 1348, 1348, 1356, 89 L.Ed.2d 538 (1986).

A debtor's honesty has long been a prerequisite to the discharge of what are otherwise legally enforceable obligations. *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934).

Page 4

Brad Allen Double v. Dennis E. Cole
Case No. 08-3371

To this end, bankruptcy law has long excepted from discharge those debts which are shown to have arisen from dishonest or otherwise wrongful acts committed by a debtor. *Cohen v. De La Cruz*, 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998). This policy is partially codified in those three provisions of the Bankruptcy Code upon which the Plaintiff's complaint relies: (1) § 523(a)(2), excepting from discharge a debt arising from a false pretense, a false representation, or actual fraud; (2) § 523(a)(4), excepting from discharge a debt arising from fraud, embezzlement, larceny or defalcation while acting in a fiduciary capacity; and (3) § 523(a)(6), providing that a debt shown to have arisen from a willful and malicious injury is not subject to discharge.

With the exception of defalcation under § 523(a)(4), each of the statutory exceptions to dischargeability cited by the Plaintiff have a commonality: scienter – that is, a specific intent to actually do the harm, whether it is an intent to defraud/deceive under § 523(a)(2), an intent to misappropriate another's property under § 523(a)(4); or the intentional injury to another's property under § 523(a)(6). *Automated Handling v. Knapik (In re Knapik)*, 322 B.R. 311, 316 (Banrk. N.D.Ohio 2004). Determinations concerning a debtor's culpable state of mind, however, are usually not appropriate on motions for summary judgment as it deprives the trier-of-fact of the opportunity to assess the debtor's credibility. Notwithstanding, as would appear to be the case here, summary judgment may be appropriate where purely legal issues are involved. *Highland Mining Co. v. United Mine Workers of America, Dist. 12*, 105 Fed. Appx. 728, 730 (6th Cir. 2004).

In this matter, the Plaintiff raises what can be construed as two legal arguments. First, the Plaintiff contends that his prepetition Agreement with the Debtor, wherein the Debtor acknowledged in paragraph 10(f) that his debt to the Plaintiff was nondischargeable, is enforceable in this Court. In the words of the Plaintiff: "A contract between a debtor and creditor may contain a confession of non-dischargeability." (Doc. No. 20, at pg. 4). Second, the Plaintiff asserts that the Debtor is collaterally estopped from contesting the nondischargeability of his claim. *Id.*

Page 5

Brad Allen Double v. Dennis E. Cole
Case No. 08-3371

On the first point raised by the Plaintiff, it is not unusual for parties to insert language into contracts whereby one party agrees to waive their right to discharge through bankruptcy any claim arising from a breach of the contract. This is particularly true, as is the case with the Parties' Agreement, for contracts arising from the settlement of issues related to pending or impending litigation. Yet, whatever one party's reliance on the efficacy of such an agreement, they are not, as a matter of public policy, enforceable.

In *Lichtenstein v. Barbanel (In re Lichtenstein)*, the Sixth Circuit Court of Appeals stated, "a pre-petition stipulation in a state-court action waiving a debtor's right to obtain a discharge of a specific debt in a future bankruptcy case is void because it offends the public policy of promoting a fresh start for individual debtors." 161 Fed.Appx. 461 (6th Cir. 2005), *citing In re Cole*, 226 B.R. 647, 653 (9th Cir. B.A.P. 1998) ("state court stipulated judgment where the debtor waives his right to discharge is unenforceable as against public policy."), and *Saler v. Saler (In re Saler)*, 205 B.R. 737, 745 (Bankr. E.D.Pa.1997) ("The public policy with regard to the provision of a 'fresh start' for debtors following bankruptcy cannot be precluded by a state court judgment . . . .").

This approach, of not enforcing, on public policy grounds, prepetition agreements to waive the discharge of particular debts is widely accepted.[1] It also comports with the structure of the

---

[1]
*Klingman v. Levinson*, 831 F.2d 1292, 1296 n. 3 (7th Cir. 1987) ("For public policy reasons, a debtor may not contract away the right to a discharge in bankruptcy."); *Hayhoe v. Cole,* 226 B.R. 647, 651 (9th Cir. B.A.P. 1998) (holding a stipulated judgment, where a chapter 7 debtor agreed that the debt would be non-dischargeable under § 523(a)(2), was an impermissible attempt to waive bankruptcy discharge); *Simmons Capital Advisors, Ltd. v. Bachinski (In re Bachinski)*, 393 B.R. 522, 533-34 (Bankr. S.D.Ohio 2008) (prepetition waiver of discharge entered into in a nonbankruptcy case is unenforceable); *Chilcoat v. Minor (In re Minor)*, 115 B.R. 690, 694-96 (D.Colo.1990) (a prepetition waiver of a bankruptcy discharge for an individual debt is invalid unless the waiver complies with the requirements for approval of a reaffirmation agreement under § 524(c)); *In re Catron*, 186 B.R. 194, 196 (Bankr. E.D.Va.1995) (same); *First Ga. Bank v. Halpern (In re Halpern)*, 50 B.R. 260, 262 (Bankr. N.D.Ga.1985)

Brad Allen Double v. Dennis E. Cole
Case No. 08-3371

Bankruptcy Code. Particularly discernible in this regard is the Bankruptcy Code's lack of recognition of such agreements.

Section 523(a), the exclusive provision of the Code addressing matters of dischargeability, does not recognize a prepetition waiver of discharge for individual debts, leading one court to make this observation: if "bankruptcy courts enforced prepetition waivers of discharge, they would effectively be creating an exception to discharge that Congress had not enumerated." *In re Cole*, 226 B.R. at 653. Congress, instead, provided in the Bankruptcy Code just two methods through which a debtor could effectuate a waiver on matters concerning discharge.

First, §727(a)(10) permits debtors to waive their discharge entirely by executing a postpetition written agreement and having that agreement approved by the bankruptcy court. Second, after the commencement of the bankruptcy case, a debtor may waive the dischargeability of a particular debt by complying with the requirements for reaffirmation agreements as set forth in § 524(c). In either case, however, a debtor is under the protection of the bankruptcy court, an important commonality which is lacking when a debtor executes a prepetition waiver of their discharge.

For these reasons, the Court can see no basis to diverge from applicable precedent whereby bankruptcy courts refuse to recognize prepetition agreements executed by debtors to waive the discharge of a particular debt. Accordingly, contrary to the position urged by the Plaintiff, this Court

---

("Policy considerations dictate that dischargeability questions cannot be predetermined either by a state court or by agreement of the parties prior to or in anticipation of the possible filing of a bankruptcy case."), *aff'd*, 810 F.2d 1061 (11th Cir.1987); *Bisbach v. Bisbach (In re Bisbach)*, 36 B.R. 350, 352 (Bankr.W.D.Wis.1984) (a prepetition waiver in a divorce agreement that described the debt as maintenance or support, and thus, nondischargeable, is unenforceable).

Page 7

Brad Allen Double v. Dennis E. Cole
Case No. 08-3371

will not enforce paragraph 10(f) of the Parties' Agreement wherein the Debtor acknowledged that his obligation to the Plaintiff was a nondischargeable debt pursuant to § 523(a)(2), § 523(a)(4) and § 523(a)(6) of the Bankruptcy Code. However, as a point of clarification, this holding should not be construed to prohibit the Plaintiff from utilizing, in an evidentiary hearing, the statements set forth in paragraph 10(f) of the Parties' Agreement. While such statements are not conclusive, the Plaintiff may seek to introduce the statements as evidence supporting his complaint to determine dischargeability.

The Plaintiff's second position, in support of a finding of nondischargeability, relies on the doctrine of collateral estoppel. This legal doctrine, also known as "issue preclusion," is a judicially created doctrine, and provides that "once an issue is actually litigated and necessarily determined, that determination is conclusive in subsequent suits based on a different cause of action but involving a party or privy to the prior litigation." *Dowling v. United States*, 493 U.S. 342, 347, 110 S.Ct. 668, 672, 107 L.Ed.2d 708 (1990).

Collateral estoppel is one component of the preclusive doctrine known as *res judicata* which embodies two separate concepts: (1) claim preclusion, historically called estoppel by judgment, and (2) issue preclusion, traditionally called collateral estoppel. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995). Each applies in a slightly different manner. Claim preclusion refers to the preclusive effect of a judgment in foreclosing the litigation of matters which should have been raised in an earlier suit; issue preclusion, by comparison, refers to the effect of a judgment in precluding the relitigation of a matter actually litigated and decided. *Marrese v. American Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 376 fn.1, 105 S.Ct. 1327, 84 L.Ed.2d 274, (1985).

The doctrine of collateral estoppel is applicable to bankruptcy proceedings and can be used in nondischargeability actions to prevent the relitigation of issues previously decided in another forum. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). However, when

Page 8

**Brad Allen Double v. Dennis E. Cole**
**Case No. 08-3371**

the issue sought to be precluded arises from prior litigation in state court, the United States Supreme Court has held that the federal common law does not apply. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 374, 105 S.Ct. 1327, 1328, 84 L.Ed.2d 274 (1985); *see also Bay Area Factors, Inc. v. Calvert (In re Calvert)*, 105 F.3d 315, 317 (6th Cir.1997). Instead, in such a situation, bankruptcy courts, pursuant to the full faith and credit principles of 28 U.S.C. § 1738, must give the same preclusive effect to the previously decided issue as it would be accorded under that state's law. *Id.*

In this matter, therefore, Ohio law will apply since the Parties' Agreement was executed in Ohio and was made for the purpose of resolving litigation pending in an Ohio court. Under Ohio law, the party moving for the application of the doctrine of collateral estoppel must show the existence of the following four elements:

> (1) A final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue;
>
> (2) The issue must have been actually and directly litigated in the prior suit and must have been necessary to the final judgment;
>
> (3) The issue in the present suit must have been identical to the issue involved in the prior suit; and
>
> (4) The party against whom estoppel is sought was a party or in privity with a party to the prior action.

*Murray v. Wilcox (In re Wilcox)*, 229 B.R. 411, 415-16 (Bankr. N.D.Ohio 1998), *citing Cashelmara Villas Ltd. Partnership v. DiBenedetto*, 87 Ohio App.3d 809, 813-14, 623 N.E.2d 213 (1993). As now explained, the Plaintiff's position falters on the first two elements.

A key component of collateral estoppel is the doctrine's prefatory requirement that there exist a final judgment on the merits. A judgment under Ohio law is defined generally as a decree or any

Page 9

**Brad Allen Double v. Dennis E. Cole**
**Case No. 08-3371**

order from which an appeal lies. OHIO CIV.R. 54(A). The entry of a judgment is a judicial act which formally adjudicates the matters presented to the court and serves to fix the rights and liabilities of the party litigants. *Local No. 74, Am. Fedn. of State, Cty. & Mun. Emps. v. Warren*, 174 Ohio App.3d 66, 73, 880 N.E.2d 954, 959 (Ohio App. 2007). Agreements executed solely between private parties, even if accomplished within the framework of litigation, will neither qualify nor have the force of a judgment.

The application of the collateral estoppel doctrine, thus, may be said to presuppose direct court involvement. *State ex rel. Rose v. Ohio Dept. of Rehab. and Corr.*, 91 Ohio St.3d 453, 455, 746 N.E.2d 1103, 1105 (2001) (res judicata presupposes a judgment entered by a court of competent jurisdiction). Contrary to this basic facet, however, the record in this case is devoid of any judgment showing a final adjudication on the merits of the Plaintiff's prior suit. Rather, the Parties disposed of their controversy without any direct court involvement, first through the execution of a settlement agreement and then through the Plaintiff's subsequent dismissal of his suit against the Debtor.

This is not to say that settlement agreements executed by parties during the course of litigation can never be subject to collateral estoppel. For example, when an agreement executed by litigants contains factual admissions that are subsequently incorporated into an agreed judgment entry, collateral estoppel can apply in later litigation to the admissions made by the party. *Nye v. Ohio Bd. of Examiners of Architects*, 165 Ohio App.3d 502, 507, 847 N.E.2d 46, 50 (Ohio App. 2006). Similarly, it has been said that under "Ohio law, a consent judgment has the same binding effect as one entered by the court after summary adjudication or full trial." *Columbus v. Alden E. Stilson & Assoc.*, 90 Ohio App.3d 608, 615, 630 N.E.2d 59, 63 (Ohio App. 1993), citing *Horne v. Woolever*, 170 Ohio St. 178, 10 O.O.2d 114, 163 N.E.2d 378 (1959) and *Sponseller v. Sponseller*, 110 Ohio St. 395, 144 N.E. 48 (1924).

Brad Allen Double v. Dennis E. Cole
Case No. 08-3371

The key distinction here is that, for the doctrine of collateral estoppel to apply, the agreement executed by the litigants must have been approved by a court. In the words of the Ohio Supreme Court: "Collateral estoppel applies when the fact or issue . . . was passed upon and determined by a court of competent jurisdiction. . . ." *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 637 N.E.2d 917, 923 (1994). As already stated, however, there is no evidence that this occurred.

Consequently, based upon the lack of any judgment in the Parties' prior suit, which could be construed as passing on the merits of Plaintiff's position that the Debtor engaged in acts of wrongdoing, the first element of the collateral estoppel is not applicable in the instant proceeding to determine dischargeability. For similar reasons, the same conclusion carries over to the second element of the collateral estoppel doctrine.

In order for collateral estoppel to apply, the doctrine's second element requires that the issue to be precluded must have been actually and directly litigated in the prior suit. At a minimum, this means that the issue to be precluded must have been submitted to a court for determination and then, in fact, determined by the court. This requirement has due process underpinnings. *Butler Cty. Bd. of Commrs. v. Hamilton*, 145 Ohio App.3d 454, 467-68, 763 N.E.2d 618, 628 (Ohio App. 2001).

In the case of *The Glidden Co. v. Lumbermens Mutual Casualty Co.*, the Ohio Supreme Court addressed this requirement in a situation analogous to this case, where the plaintiff, after reaching a settlement, dismissed his prior suit. 112 Ohio St.3d 470, 478, 861 N.E.2d 109, 118 (2006). In *Glidden*, the Court found that the plaintiff's dismissal of the prior suit was fatal to its collateral estoppel argument, holding that for issues to be considered actually litigated, the "issues must have been determined by a final appealable order." The same would be true in this case.

The Plaintiff's prior suit against the Debtor, however, was dismissed without the entry of a final appealable order. Thus, consistent with *Glidden*, no issues or facts may be said to have been

Page 11

actually litigated. A point here is especially worth noting. In *Glidden*, the procedural posture of the prior suit had proceeded much further than the prior suit involved here. Specifically, in *Glidden* the prior suit had proceeded to a determination on summary judgment, but was dismissed before a final appealable order could be entered. Under this condition, it hardly seems offensive to require the Plaintiff to produce evidence in support of his claims against the Debtor.

Even assuming that *Glidden* did not act as impediment to the Plaintiff's position regarding collateral estoppel, the voluntary dismissal of his prior suit does. Where, as here, litigants agree to a voluntary dismissal, the action is treated as if it had never been commenced. *See* OHIO CIV.R. 41. Hence, it is recognized that a voluntary dismissal will not generally implicate the doctrine of collateral estoppel. *Wilson v. Marino*, 164 Ohio App.3d 662, 843 N.E.2d 849 (Ohio App. 2005); *Lovins v. Kroger Co.*, 150 Ohio App.3d 656, 659 fn. 3, 782 N.E.2d 1171 (Ohio App. 2002). *See also Moherman v. Nickels*, 140 Ohio St. 450, 456, 45 N.E.2d 405, 408 (1942) ("It is a well-settled rule that a judgment or decree of dismissal of an action not involving the merits as distinguished from a dismissal upon the merits, is not a bar to a subsequent action or suit, and will not support a plea of res judicata."). The Court can see no reason why this case should be treated any differently.

Parties, during the course of litigation, are free to enter into private agreements without court involvement. Such agreements are often executed after the parties have weighed both the cost and risk of further litigation. Pursuant to such agreements, parties are then free to have the pending litigation dismissed without the entry of a judgment on the merits of the case. Such an approach to litigation is encouraged as it is consistent with the judicial policy to facilitate settlements. *See* OHIO CIV.R. 41. This policy, however, would be frustrated if litigants had to consider that a voluntary dismissal of the action could operate, in later litigation, as an adjudication upon the merits.

In conclusion, neither the terms set forth in paragraph 10(f) of the Parties' Agreement, nor the doctrine of collateral estoppel, operate to bar the Debtor from litigating in this proceeding the

**Brad Allen Double v. Dennis E. Cole**
**Case No. 08-3371**

claims made by the Plaintiff. As such, the Plaintiff will be required to produce evidence to support his complaint to determine dischargeability. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

    Accordingly, it is

    **ORDERED** that the Motion of the Plaintiff, Brad Allen Double, for Summary Judgment, be, and is hereby, DENIED.

    **IT IS FURTHER ORDERED** that a continued PreTrial is hereby set for Wednesday, December 2, 2009, at 3:00 P.M., in Courtroom No. 1, Room 119, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.

    Dated: November 13, 2009

                                              Richard L. Speer
                                              United States
                                              Bankruptcy Judge

# ***CERTIFICATE OF SERVICE***

Copies were mailed this 13th day of November, 2009, to the following parties:

Dennis E. Cole
37 Stillwater Dr
Toledo, OH 43615

Gordon R Barry
930 Spitzer Bldg
Toledo, OH 43604

Brad Allen Double
1211 Warren Ave
Jackson, MI 49203

Thomas D Pigott
2828 W Central Ave
#207
Toledo, OH 43606

Office of the U.S. Trustee
201 Superior Ave, E, #441
Cleveland, OH 44114

/s/ Robert C.W. Birmingham
Deputy Clerk, U.S. Bankruptcy Court